[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13015
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20110-MGC-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO PEREZ,
a.k.a. Luis Perez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 12, 2016)

Before TJOFLAT, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Pedro Perez, a federal prisoner proceeding *pro se*, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction in his sentence for, *inter alia*, cocaine trafficking and firearm possession by an illegal alien, pursuant to Amendment 782 to the Sentencing Guidelines. As relevant background, Perez was assigned at sentencing an offense level of 32 under U.S.S.G. § 2D1.1(c)(4) for his cocaine-trafficking convictions, which had a 10-year mandatory minimum under 21 U.S.C. § 841(b)(1)(A), because they involved at least 5, but less than 15, kilograms of cocaine. This yielded a guideline range of 121 to 151 months. In addition, Perez was subject to a mandatory five-year consecutive sentence for his firearm-possession conviction, pursuant to 18 U.S.C. § 924(c)(1)(A). The district court imposed a 181-month total sentence for Perez's offenses, which was 1 month above the cumulative 180 months' imprisonment mandated by statute. Notably, in its § 3582(c)(2) response in the district court, the government argued that Perez was ineligible for relief on the basis that he was sentenced to the ten-year mandatory minimum for the drug-trafficking offenses upon which his guideline range was based. Thereafter, in a one-page standard form order, the district court summarily denied Perez's § 3582(c)(2) motion, without explanation of the basis for the denial.

On appeal, Perez argues that the court erred by denying him § 3582(c)(2) relief pursuant to Amendment 782. Specifically, he notes that he is eligible for a

2

two-level reduction in his original § 2D1.1 offense level under that amendment and corresponding lower guideline range.  Perez elaborates that the record reflects that he was sentenced to a 121-month imprisonment term for his cocaine-trafficking convictions, not to the applicable 120-month mandatory minimum, as the government incorrectly had asserted in its § 3582(c)(2) response in the district court.  As such, because he was sentenced to one month above his mandatory minimum, Perez argues that Amendment 782 has application in his case.  In its response, the government concedes—contrary to its previous contentions in its § 3582(c)(2) response in the district court—that Perez is eligible for § 3582(c)(2) relief based on Amendment 782.

We review *de novo* a district court's legal conclusions as to the scope of its authority under § 3582(c)(2).  *United States v. Phillips*, 597 F.3d 1190, 1194 n.9 (11th Cir. 2010).  We review for abuse of discretion a court's decision to grant or deny a § 3582(c)(2) sentence reduction.  *United States v. James*, 548 F.3d 983, 984 n.1 (11th Cir. 2008).

Once pronounced, a district court's authority to modify a sentence of imprisonment is narrowly limited by statute.  *Phillips*, 597 F.3d at 1194-95.  Nevertheless, a district court may modify a defendant's term of imprisonment where the defendant was sentenced "based on a sentencing range that has

3

subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

We have stated that a district court must engage in a two-step analysis when considering a motion for a sentence reduction under § 3582(c)(2). *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). First, the court must determine the sentence it would have imposed, given the defendant's amended guideline range and holding all other guideline findings made at the original sentencing constant. *Id.* Second, the court must determine, in its discretion, whether to reduce the defendant's sentence and, if so, to what extent. *Id.* at 781. In exercising that discretion, the court must consider the 18 U.S.C. § 3553(a) sentencing factors.[1] *Id.*; U.S.S.G. § 1B1.10, comment. (n.1(B)(i)). The court also must consider the nature and seriousness of any danger a reduction poses to persons or to the community. *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009); U.S.S.G. § 1B1.10, comment. (n.1(B)(ii)).

A district court need not "articulate specifically the applicability—if any—of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." *United States v.*

---

[1] The § 3553(a) factors include: (1) the offense's nature and circumstances and the defendant's history and characteristics, (2) the need to reflect the offense's seriousness, (3) the need to afford adequate deterrence, (4) the need to protect the public, (5) the need to provide the defendant with educational or vocational training or medical care, (6) the kinds of sentences that are available, (7) the advisory guideline range, (8) the pertinent U.S. Sentencing Commission policy statements, (9) the need to avoid unwarranted sentencing disparities, and (10) the need to provide victims with restitution. 18 U.S.C. § 3553(a)(1)-(a)(7).

*Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997).  In *Eggersdorf*, we deemed sufficient the district court's order in which it stated that it had reviewed the § 3582(c)(2) motion, the government's response, the record, and was "otherwise duly advised."  *Id.* at 1322-23.  We further noted that the § 3582(c)(2) motion and response had discussed specific elements that were relevant to the § 3553(a) factors, and also stressed that the sentencing judge and § 3582(c)(2) judge was the same.  *Id.*

While the two-step analysis is required, the district court's decision of whether to reduce a defendant's sentence is discretionary.  *Williams*, 557 F.3d at 1257.  We will vacate and remand "if it is not possible to determine from the record whether the district court considered the § 3553(a) factors."  *United States v. Douglas*, 576 F.3d 1216, 1219 (11th Cir. 2009).

Under the 2010 Sentencing Guidelines, a base offense level of 32 applies to offenses involving at least 5 kilograms, but less than 15 kilograms, of cocaine.  U.S.S.G. § 2D1.1(c)(4) (2010).  Such offenses are subject to a ten-year statutory mandatory minimum.  21 U.S.C. § 841(b)(1)(A)(ii)(II).  When a guideline range falls below the statutory minimum, the statutory sentence becomes the bottom end of the applicable guideline range.  U.S.S.G. § 5G1.1(c)(2).

Amendment 782 to the Sentencing Guidelines amended § 2D1.1 by revising the Drug Quantity Table in § 2D1.1(c).  U.S.S.G. App. C, Amend. 782.

5

In pertinent part, Amendment 782 lowered from 32 to 30 the base offense level applicable to offenses involving at least 5 kilograms, but less than 15 kilograms, of cocaine.  *Compare* U.S.S.G. § 2D1.1(c)(4) (2010), *with* U.S.S.G. § 2D1.1(c)(5) (2014); *see also* U.S.S.G. App. C, Amend. 782.  Amendment 782 became effective on November 1, 2014,[2] and was made retroactive by Amendment 788 as of the same date.  U.S.S.G. App. C, Amends. 782 & 788; U.S.S.G. § 1B1.10(d).

Here, the district court's summary denial of Perez's § 3582(c)(2) motion was improper, because he was eligible for a sentence reduction based on Amendment 782, which had the effect of lowering his § 2D1.1 guideline range from 121 to 151 months to 97 to 121 months.  However, because of the statutory mandatory minimum, Perez's range is now 120 to 121 months.  Moreover, the court's order does not reflect that it considered the requisite § 3553(a) factors in denying him relief, much less whether he was eligible for relief as a threshold matter, given the government's incorrect statement in its § 3582(c)(2) response before the district court that Perez was sentenced to the statutory mandatory minimum.

**VACATED AND REMANDED.**

---

[2] Amendment 788, however, provides that any relief ordered under Amendment 782 could not take effect until November 1, 2015.  U.S.S.G. App. C, Amend. 788; U.S.S.G. § 1B1.10(e).